IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MA'ALUUM ABDULLAH a/k/a TODD COOKS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-13-97-D |
| JUSTIN JONES, DOC Director; DEBBIE MORTON, Director's Designee; MICHAEL DUNKLE, Southeast District Supervisor; OFFICER BUSWELL, Correctional Officer; and J. COFER, Lieutenant, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding under 42 U.S.C. § 1983, the Plaintiff has initiated the present action complaining of alleged constitutional violations through prison disciplinary proceedings. Doc. 1. Chief District Court Judge Vicki Miles-LaGrange referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). For the reasons that follow, the undersigned recommends transferring the case to the United States District Court for the Eastern District of Oklahoma.

### I. Plaintiff's complaint.

Liberally construing the claims and the Plaintiff's incorporated exhibits, the complaint alleges that Defendant Lieutenant J. Cofer, correctional officer for

the Department of Corrections ("DOC"), issued a disciplinary charge to the Plaintiff for an underlying misconduct occurring at the Carter County Community Work Center ("CCCWC"). Doc. 1, at 3 & Exhibits A-C. Then at the Oklahoma State Penitentiary ("OSP"), Defendant Cofer allegedly menaced the Plaintiff, tried to coerce him into pleading guilty, and refused to provide the Plaintiff with the alleged evidence. *Id.* at 3, 9, 11-13. The Plaintiff further claims that Defendant Buswell, the disciplinary hearing officer at OSP, was biased and found the Plaintiff guilty without any evidence. *Id.* at 3, 7, 9, 11-13 & Exhibit D. The Plaintiff thereafter pursued his appeal through the Southeast District Community Corrections Supervisor, Michael Dunkle. *Id.* at 4 and Exhibit G. Mr. Dunkle and the officials at the DOC headquarters allegedly interfered with the Plaintiff's right to file a grievance appeal and upheld an unconstitutional disciplinary conviction. *Id.* at 4-6, 9-13.

## II. Screening.

Because the Plaintiff is proceeding *in forma pauperis*, *see* Doc. 6, the Court has a duty to screen the complaint. *See* 28 U.S.C. § 1915(e)(2). Under this duty, the Court may consider whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Lewis v. Center Market*, 378 Fed. Appx. 780, 787 (10th Cir. 2010) ("The district

court may properly consider personal jurisdiction and venue on a § 1915 screening . . . ." (citing *Trujillo*, 465 F.3d at 1217)). This includes consideration of whether a change of venue would better serve the interests of justice. *See Love's Travel Stops & Country Store, Inc. v. Oakview Const., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) ("Any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." (citation omitted)) (unpublished).

**III. Venue.**

In relevant part, proper venue exits: 1) in a district where any defendant resides, or 2) where a substantial part of the events had taken place. *See* 28 U.S.C. § 1931(b)(1)-(2).

The Plaintiff did not identify the residence of any named defendant. *See* Doc. 1, *passim*. However, the Court may judicially notice that the DOC office is located in Oklahoma City, Oklahoma[1] and may assume that venue would be proper in this district based on the naming of DOC Director Justin Jones and his designee, Debbie Morton, as defendants. *See* 28 U.S.C. § 1931(b)(1); *see also* 28 U.S.C. § 116(c) (stating that Oklahoma County – wherein Oklahoma City is located – is within the Western District of Oklahoma). However, the face of the complaint and the Plaintiff's incorporated exhibits make it clear that venue is

---

[1] *See* http://www.doc.state.ok.us/general/director.htm

also proper in the Eastern District of Oklahoma – where a substantial part of the events occurred.

For example, the site of the alleged underlying misconduct was CCCWC, which is located in Wilson, Oklahoma.[2] Wilson, Oklahoma is in Carter County, Oklahoma, which in turn is within the boundary of the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Next, the Plaintiff's disciplinary hearing, finding of guilt, alleged menacing, and attempted coercion occurred at OSP, which is in McAlester, Oklahoma.[3] McAlester, Oklahoma is also the home to the Southeast District Office Supervisor.[4] McAlester, Oklahoma is in Pittsburg County, Oklahoma, which is also located within the province of the Eastern District of Oklahoma. *See id.* Finally, the Plaintiff is currently housed at the Jess Dunn Correctional Center, in Taft, Oklahoma, *see* Doc. 1, at 1, which is in Muskogee County, Oklahoma. Again, this county falls within the boundary of the Eastern District of Oklahoma. *See id.* Thus, with the exception of Defendants Jones and Morton's alleged interference with the grievance process and rejection of the Plaintiff's grievance appeal at the DOC headquarters in Oklahoma City, the substantial number of events underlying each of the

---

[2] *See* http://www.doc.state.ok.us/facilities/cwc/carter_county.htm

[3] *See* http://www.doc.state.ok.us/facilities/institutions/osp.htm

[4] *See* http://www.doc.state.ok.us/community/southeast.htm

Plaintiff's claims occurred in the Eastern District of Oklahoma. For that reason, venue is also proper in that court. *See* 28 U.S.C. § 1931(b)(2).

Because venue is proper in both districts, this Court may consider whether transfer to the Eastern District of Oklahoma would better serve the interests of justice. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). The Court should find that it is. As noted above, the substantial part of the underlying events actually took place in the Eastern District of Oklahoma. That is also the location of the Plaintiff and the potential witnesses.[5] Accordingly, the undersigned recommends transfer to the Eastern District of Oklahoma under 28 U.S.C. § 1404(a).

## IV. Recommendation and Notice of Right to Object.

For the reasons set forth above, it is the recommendation of the undersigned that the Plaintiff's action be transferred to the United States District Court for the Eastern District of Oklahoma. Mr. Cooks is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 6th day of May, 2013, in accordance with 28 U.S.C. § 636 and

---

[5] For example, in addition to the named defendants, the Plaintiff may wish to call as witnesses the original reporting officer at CCCWC and the OSP inmates that allegedly witnessed the menacing.

Local Civil Rule 72.1. The Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

IT IS SO ORDERED this 12th day of April, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE