# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

FILED
SEP 1 9 2014
PATRICK KEANEY
Clerk, U.S. District Court
By_____ Deputy Clerk

MA'ALUUM ABDULLAH )
aka TODD COOKS, )
           Plaintiff, )
)
v. ) No. CIV 13-211-RAW-SPS
)
JUSTIN JONES, )
in his individual capacity, et al., )
)
           Defendants. )

## OPINION AND ORDER

This action is before the court on motions to dismiss by Defendants Jones, Evans[1] and Morton (Dkt. 57), Buswell (Dkt. 89), and Cofer (Dkt. 90), as well as the court's own motion to consider dismissal of this action as frivolous. The court has before it for consideration plaintiff's complaint, the defendants' motions, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff, a former inmate of the Oklahoma Department of Corrections (DOC) brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Carter County Community Work Center (CCCWC) and Oklahoma State Penitentiary (OSP).[2] The defendants are Former DOC Director Justin Jones, in his individual capacity; DOC Interim Director Edward Evans, in his official capacity; DOC Director's Designee Debbie Morton, in her individual and official capacities; Former Southeast District Community Corrections Supervisor Michael Dunkle, in his individual capacity; OSP Disciplinary Officer Buswell, in his individual capacity; DOC Correctional Officer J. Cofer, in his individual capacity; and Southeast District Community Corrections

---

[1] Defendant Edward Evans was substituted for Defendant Justin Jones, in his official capacity. (Dkt. 72).

[2] Plaintiff was released from DOC custody on April 7, 2014. (Dkt. 137-1).

Supervisor Anthony Rowell, in his official capacity.[3,4]

Plaintiff alleges that on April 2, 2012, Defendant Cofer issued him (1) a misconduct report at the CCCWC for Possession of Contraband and (2) a misconduct report for Individual Disruptive Behavior while at CCCWC. After plaintiff's transfer to OSP on April 5, 2012, Cofer investigated the contraband offense report and allegedly menaced plaintiff, tried to coerce him into pleading guilty to the misconduct, and refused to provide him with the alleged evidence. Plaintiff further claims that Defendant Disciplinary Hearing Officer Buswell was biased and found him guilty in his April 11, 2012, disciplinary hearing without any evidence.

Plaintiff pursued his appeal through the Southeast District Community Corrections Supervisor Michael Dunkle, but Dunkle and officials at the DOC headquarters allegedly interfered with his right to file a grievance appeal and upheld an unconstitutional disciplinary conviction. Plaintiff's misconduct conviction for Individual Disruptive Behavior ultimately was dismissed because of a procedural error. In addition, his conviction for Possession of Contraband eventually was expunged, based upon instruction from the DOC General Counsel Staff, and his 175 lost earned credits from that misconduct conviction were restored.

Plaintiff complains that the misconduct conviction resulted in his mandatory demotion from a Level 3 earned credit classification, which earns 33 earned credits each month, to a Level 1 classification, which earns no earned credits per month. He further alleges the misconduct conviction prevented him from being considered for promotion beyond Level 2 for eight months, until the misconduct was expunged. Plaintiff was restored to earned credit Level 3, effective November 19, 2012, which was the date of expungement. Under DOC

---

[3] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[4] Defendant Dunkle has not been served.

OP-060211(IV)(C), titled "Sentence Administration, "if a misconduct which had resulted in the loss of earned credit was reversed and expunged, only earned credit which had been taken as a result of the misconduct may be restored. Credit unearned due to disciplinary service or loss of job will not be subject to restoration." (Dkt. 56-25 at 4).

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pro se pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of the defendants' motions.

**Defendants Justin Jones, Edward Evans, and Debbie Morton**

Plaintiff offers unsupported speculation that the defendants acted "under the direction of Defendant Jones" (Dkt. 1 at 13), and he asserts Defendant Morton was involved in his unsuccessful attempts to appeal his misconduct conviction (Dkt. 1 at 5-7, 10-11). These defendants have filed a motion to dismiss, asserting, among other things, that plaintiff has failed to allege their personal participation in the alleged constitutional deprivation.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

Based on these reasons, the court finds plaintiff has failed to state a case against Defendants Justin Jones, Edward Evans, or Debbie Morton.

**Defendants Buswell and Cofer**

Defendants Buswell and Cofer have filed motions to dismiss, alleging plaintiff has failed to state a claim against either of them. The claims against Buswell are made in his individual capacity and are limited to his role as the hearing officer in plaintiff's disciplinary hearing. Plaintiff asserts Buswell did not act impartially when he conducted the disciplinary hearing and convicted him of Possession of Contraband, despite there being no evidence presented at the hearing, and despite the Offense Report stating there was "0" evidence of the offense . (Dkt. 1 at 3, 7, 9, 11-13, ; Docket 1-1 at 1).

The court, however, finds the record clearly shows there was evidence supporting Defendant Buswell's disposition of plaintiff's misconduct. The April 2, 2012, Incident/Staff

4

Report by Chief of Security Doug McAllister reported the following detailed description of the incident:

> On the above date and approximate time, I was walking out the back door with Nora Davis, CCMIII, heading toward the DOC vans. As we were walking, we both noticed offender Cooks sitting on the retaining wall behind the freezer. As was walked past offender Cooks, he placed his hands down between his knees. At that time, I asked him what was in his hand. Offender Cooks did not answer, so I walked over to the offender and asked again what was in his hand. At that time I detected the odor of THC smoke. I placed offender Cooks in restraints and walked him into the control room. I instructed Lt. Au to strip search offender Cooks. I then instructed Cpl. Dean to contact the Healdton City Jail and let them know that we would be bringing offender Cooks to them to be locked up. . . .

(Dkt. 1-1 at 3).

Lt. Au's Incident/Staff Report indicates he smelled a strong odor of marijuana while strip-searching plaintiff, after plaintiff was caught smoking a joint. (Dkt. 1-1 at 2). In addition, a review of plaintiff's Offense Report for Possession of Contraband states, "On the above date and time, Chief McAllister caught o/f Cooks smoking marijuana near the outside coolers north of the building." (Dkt. 1-1 at 1). The handwritten entry for the "Disposition of Physical Evidence (if any) indicates "0". *Id.* This entry does not show there was an absence of evidence, only that there was no disposition of any physical evidence. The Disciplinary Hearing Report indicates that the evidence relied upon was "eyewitness statements by Chief McAllister and Lieutenant Au." (Dkt. 1-1 at 4).

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). A review of the

record indicates the requirements of *Wolff* were met in plaintiff's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing. The court, therefore, finds plaintiff has failed to state a claim against Defendant Buswell.

As for Defendant Cofer, also sued in his individual capacity, plaintiff alleges Cofer did not act as a neutral and detached investigator when he attempted to coerce plaintiff to plead guilty to the misconduct report, despite an absence of evidence to support the misconduct. Plaintiff argues that the absence of evidence from the strip search should have resulted in dismissal of the misconduct. Plaintiff contends Cofer was motivated by malice when he acted vindictively and unfairly in the investigation.

"To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (I) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law." *Glover v. Gartman*, 899 F.Supp.2d 1115, 1132 (D.N.M. 2012) (citation omitted). An adequate prehearing investigation, however, is not among the minimum due process protections. *See Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) (per curium). *See also Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("[R]egardless of state procedural guarantees, the *only* process due an inmate is that minimal process guaranteed by the Constitution, as outlined in *Wolff*."). Here, the court finds plaintiff has failed to state a constitutional claim against Defendant Cofer.

**Defendant Dunkle**

Defendant Michael Dunkle, Former Southeast District Community Corrections Supervisor, in his individual capacity, has not been served with the complaint in this case. (Dkt. 28). Plaintiff was directed to show good cause for his failure to serve Defendant Dunkle in accordance with Fed. R. Civ. P. 4(m). (Dkt. 38). Plaintiff alleges he does not have Dunkle's current address, and the DOC should forward the summons to Dunkle. (Dkt. 49). It is plaintiff's responsibility to provide the United States Marshals Service with Dunkle's address. Therefore, the court finds Dunkle should be dismissed for plaintiff's

failure to properly serve him.

**Defendant Rowell**

Defendant Anthony Rowell was substituted for Michael Dunkle, Southeast District Community Corrections Supervisor, in his official capacity. (Dkt. 73). Plaintiff's allegations against Dunkle in this capacity concern plaintiff's administrative appeal after the misconduct conviction. Plaintiff claims Dunkle interfered with his right to file a grievance appeal, resulting in plaintiff's allegedly unconstitutional disciplinary conviction being affirmed.

Plaintiff asserts he sent a Misconduct Appeal to Defendant Dunkle on May 14, 2012, and on July 9, 2012, he sent a Request to Staff to Dunkle, stating he had not received a response to the Misconduct Appeal. (Dkt. 1 at 4). Dunkle returned the Request to Staff to plaintiff on July 12, 2012, with a response stating, "Your appeal was answered on 5-18-12. I have enclosed a copy." *Id.* Plaintiff complains that Dunkle failed to complete the Offender Misconduct Appeal Form (Due Process Appeal Form) within 30 calendar days of receipt, and failed to send the completed copy to plaintiff, as required by OP-060125. *Id.* Plaintiff apparently is claiming that Dunkle's failure to timely complete the form resulted in his appeal being returned as untimely.

Even accepting that Dunkle may have interfered with plaintiff's appeal, the court finds the claim is moot, because there was "some evidence" to support the conviction, and plaintiff's misconduct conviction was later expunged. The court further finds plaintiff has failed to state a claim against Defendant Rowell, in his official capacity. *See* 28 U.S.C. § 1915A.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine*

7

*v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 19th day of September 2014.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**